Filing # 29175193 E-Filed 07/01/2015 03:01:16 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

Case No.: 2015-CA-001583-16B-W

AMBER MICHELLE JACKSON, as an    :
individual and on behalf of all others similarly :
situated,    :
     :    **CLASS REPRESENTATION**
    *Plaintiff,*    :
     :
*vs.*    :
     :
PUBLIX SUPERMARKETS, INC. a    :
Florida corporation    :
     :
    *Defendant.*

## CLASS ACTION COMPLAINT

Plaintiff, AMBER MICHELLE JACKSON ("Plaintiff"), individually and on behalf of all

other similarly situated purchasers, by and through undersigned counsel, hereby files this *Class*

*Action Complaint* against PUBLIX SUPERMARKETS, INC. ("Defendant"), a Florida

corporation, and alleges as follows:

### I. INTRODUCTION

1.     At all material times hereto, Defendant has unlawfully, fraudulently, unfairly,

misleadingly, and deceptively represented that at least six (6) of its Publix Toaster Pastries are

"Made with Real Fruit" (the "Products") *see* Exhibit 1, despite the fact that the same do not

contain any "Real Fruit," but rather, are made with artificial colors, artificial flavors, from

concentrate, and with high fructose corn syrup, among many other ingredients that are not

present in "Real Fruit."

2.     The six varieties of Products are:

    a.   Publix Toaster Pastries, Strawberry;

    b.   Publix Toaster Pastries, Frosted Strawberry;

*** E-FILED: MARYANNE MORSE, CLERK OF CIRCUIT COURT SEMINOLE COUNTY, FL ****

**EXHIBIT "A"**

   c.  Publix Toaster Pastries, Blueberry;

   d.  Publix Toaster Pastries, Frosted Blueberry;

   e.  Publix Toaster Pastries, Frosted Cherry;

   f.  Publix Toaster Pastries, Frosted Wildberry.

3.     Moreover, not only has Defendant, at all times material hereto, knowingly, recklessly, and/or negligently marketed and sold the Products as being "Made with Real Fruit," Defendant also states on the Products' labels, "Indulge in the sweetness of **juicy strawberries**[1] surrounded by tender pastries" (emphasis added). *See* **Exhibit 2**. This false, misleading, and deceptive statement is reinforced by the fact that over this "juicy strawberries" statement, Defendant prominently placed large, brightly colored pictures of whole strawberries, thereby deceiving the reasonable consumer into believing that the Products actually contain real strawberries in them, which they do not. Indeed, although Publix delivers on its promise to provide consumers with tender pastries to consumers, it fails to deliver the promised "juicy strawberries."

4.     At all material times hereto, Defendant manufactures, markets, advertises, and sells the Products as being "Made with Real Fruit" on the front packaging of the Products.

5.     The representations that the Products are "Made with Real Fruit," and as containing "juicy strawberries" as communicated to Plaintiff and other members of the Class, is central to the marketing and sale of the Products.

---

1.    The particular flavor of the Product was referenced at this place on each of the Products. For example, the Publix Toaster Pastries, Frosted Blueberries reads "Indulge in the sweetness of juicy blueberries surrounded by tender pastries." However, for ease of reference, only strawberries will be referenced herein and strawberries shall be interpreted to mean whatever variety of Products is being referred to.

6.     Defendant's representations that the Products are "Made with Real Fruit" and contain "juicy strawberries" is false, misleading, and likely to deceive reasonable consumers because the Products are not "Made with Real Fruit" and do not contain any real strawberries, juicy or otherwise.

7.     As a result, Plaintiff brings this class action to secure, among other things, damages and equitable relief, declaratory relief, restitution, and in the alternative to damages, relief for unjust enrichment, for a Class of similarly situated Florida purchasers, against Defendant, for: (1) false, deceptive, unfair, and unlawful business practices in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), FLA. STAT. §§ 501.201, *et seq.*; (2) Negligent Misrepresentation; (3) Breach of Express Warranty; and (4) Unjust Enrichment (alleged in the alternative to Plaintiff's other causes of action).

8.     Plaintiff is seeking damages individually and on behalf of the Class.  In addition, Plaintiff is seeking an Order requiring Defendant to cease from representing that the Products are "Made with Real Fruit" and contain "juicy strawberries" on the packaging for Products that are not made with "Real Fruit" and "juicy strawberries."

9.     Plaintiff expressly does not seek to contest or enforce any state law that has requirements beyond those required by Federal laws or regulations.

10.    All allegations herein are based on information and belief and are likely to have evidentiary support after a reasonable opportunity for discovery.

## II. JURISDICTION AND VENUE

11.    This Court has jurisdiction over this class action because although the amount in controversy, upon information and belief, exceeds $5 million, exclusive of interest and costs, as required by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4

(2005, the Parties hereto are both citizens of Florida; consequently, the Parties are not diverse and, therefore, this action is not subject to removal pursuant to CAFA. Venue is appropriate because the acts giving rise to this class action occurred in this judicial circuit and Defendant has transacted substantial business in this judicial circuit.

### III. PARTIES

12.     Plaintiff, AMBER MICHELLE JACKSON, is an individual more than 18 years old, and is a citizen of Florida, who resides in Seminole County, Florida.

13.     Defendant, PUBLIX SUPERMARKETS, INC., is a Florida corporation, with its principal address located at 3300 Publix Corporate Parkway, Lakeland, Florida 33811-3311. Defendant lists John A. Attaway, Jr., located at 3300 Publix Corporate Parkway, Lakeland, Florida 33811-3311, as its registered agent.

14.     The Products' advertising relied upon by Plaintiff was prepared and/or approved by Defendant and its agents, and was disseminated by Defendant and its agents through advertising containing the misrepresentations alleged herein.

15.     The advertising for the Products was designed to encourage consumers to purchase the Products and reasonably misled the reasonable consumer, *i.e.*, Plaintiff and the Class into purchasing the Products.

16.     Defendant is the owner, manufacturer, and distributor of the Products, and is the company that created and/or authorized the unlawful, fraudulent, unfair, misleading, and/or deceptive advertising for the Products.

17.     Plaintiff alleges that, at all times relevant herein, Defendant and its subsidiaries, affiliates, and other related entities, as well as their respective employees, were the agents,

4

servants and employees of Defendant, and at all times relevant herein, each was acting within the course and scope of that agency and employment.

18.    Plaintiff further alleges, on information and belief, that at all times relevant herein, the distributors and retailers who delivered and sold the Products, as well as their respective employees, also were Defendant's agents, servants, and employees, and at all times herein, each was acting within the course and scope of that agency and employment.

19.    In addition, Plaintiff alleges that, in committing the wrongful acts alleged herein, Defendant, in concert with its subsidiaries, affiliates, and/or other related entities and their respective employees, planned, participated in, and furthered a common scheme to induce members of the public to purchase the Products by means of untrue, misleading, deceptive, and/or fraudulent representations, and that Defendant participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

20.    Whenever reference in this Complaint is made to any act by Defendant or its subsidiaries, affiliates, distributors, retailers, and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Defendant committed, knew of, performed, authorized, ratified, and/or directed that act or transaction on behalf of Defendant while actively engaged in the scope of their duties.

## IV. FACTUAL ALLEGATIONS

21.    Defendant manufactures, distributes, markets, advertises, and sells the Products, claiming the Products are "Made with Real Fruit" and contain "juicy strawberries" when in fact, the Products are not made with any "Real Fruit" and do not contain any "juicy strawberries."

22. Consequently, Defendant's "Made with Real Fruit" and "juicy strawberries" claims, which are uniformly, consistently and prominently displayed on each individual packaging of the Products, are untrue, misleading, and likely to deceive reasonable consumers, such as Plaintiff and members of the Class.

23. Defendant unlawfully markets, advertises, sells, and distributes the Products to Florida purchasers in its grocery store locations, through affiliates, and online.

24. At all material times hereto, Defendant sells the Products at a premium price, above other similar products in the marketplace that do not claim to be "Made with Real Fruit" and with "juicy strawberries."

25. Plaintiff and members of the Class were charged a price premium for the Products over and above other products that do not claim to be "Made with Real Fruit" and with "juicy strawberries."

**A. Defendant's False and Misleading Advertising is Likely to Deceive Reasonable Consumers**

26. Defendant's false and misleading representations and omissions are likely to deceive Plaintiff and other reasonable consumers.

27. Reasonable consumers rely on food label representations and information in making purchase decisions.

28. Defendant's statements that the Products are "Made with Real Fruit" and contain "juicy strawberries" is material to a reasonable consumer's purchase decision because reasonable consumers, such as Plaintiff and members of the Class, care whether food products contain "Real Fruit" especially when a product claims to be "Made with Real Fruit," contain "juicy strawberries" and features bright, colorful images of that fruit, prominently placed on the Products' packaging.

6

29.    Reasonable consumers attach importance to "Made with Real Fruit" and "juicy strawberries" claims when making a purchasing decision.

30.    Defendant markets and advertises the Products as "Made with Real Fruit" and as containing "juicy strawberries" in order to increase sales derived from the Products. Defendant is well-aware that claims of food being "Made with Real Fruit" and as containing "juicy strawberries" is material to reasonable consumers.

31.    Plaintiff and the other Class members reasonably relied to their detriment on Defendant's misleading representations and omissions.

32.    Plaintiff and the other Class members were among the intended recipients of Defendant's deceptive representations and omissions.

33.    Upon information and belief, Defendant made the deceptive representations and omissions regarding the Products with the intent to induce Plaintiff's and the other Class members' purchase of the Products.

34.    Defendant's representations and omissions are material because a reasonable person attaches importance to such "Made with Real Fruit" and "juicy strawberries" statements, and would reasonably be induced to act upon such information in making purchase decisions.

35.    Thus, Plaintiff and the other Class members' reliance upon Defendant's misleading and deceptive representations and omissions may be presumed. The materiality of those representations and omissions also establishes causation between Defendant's conduct and the injuries sustained by Plaintiff and the Class.

36.    Upon information and belief, in making the false, misleading, and deceptive representations and omissions, Defendant knew and intended that consumers would pay a price premium for the Products over comparable products that are not labeled as being "Made with

Real Fruit" and as containing "juicy strawberries," thus furthering Defendant's private interest of increasing sales for the Products, and decreasing the sales of products by Defendant's competitors that do not claim to be "Made with Real Fruit" and "juicy strawberries."

37.    As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representations and omissions, Defendant injured Plaintiff and the other Class members in that Plaintiff and other Class members:

    a.  paid a sum of money for the Products that was not as represented;

    b.  paid a premium price for the Products that was not as represented;

    c.  were deprived the benefit of the bargain because the Products they purchased was different than what Defendant warranted;

    d.  were deprived the benefit of the bargain because the Products they purchased had less value than what was represented by Defendant;

    e.  did not receive Products that measured up to their expectations as created by Defendant;

    f.  ingested a substance that was other than what was represented by Defendant;

    g.  ingested substances that Plaintiff and the other members of the Class did not expect or consent to;

    h.  ingested substances that was of a lower quality than what Defendant promised;

    i.  were denied the benefit of knowing what they ingested;

    j.  were denied the benefit of truthful food labels; and

    k.  were denied the benefit of the beneficial properties of the real foods promised.

38.    Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiff and the other Class members would not have been economically injured because Plaintiff and the other Class members would not have purchased the Products.

39.     Accordingly, Plaintiff and the other Class members have suffered injury in fact and lost money or property as a result of Defendant's wrongful conduct.

40.     Plaintiff and the other Class members did not obtain the full value of the advertised Product due to Defendant's misrepresentations and omissions.

41.     Plaintiff and the other Class members purchased, purchased more of, or paid more for the Product than they would have done had they known the truth about the Products.

### B.  Plaintiff's Reliance and Damages

42.     Plaintiff has purchased one or more of the Products in Seminole County, Florida, during the Class Period, including, but not limited to a purchase for personal use, in April of 2015, from a Publix Supermarket in Oviedo, Florida.

43.     During the Class Period, defined below, Plaintiff has purchased Defendant's Publix Toaster Pastries, Frosted Strawberry, and Publix Toaster Pastries, Frosted Blueberry for herself and her minor child.

44.     The Products purchased by Plaintiff claimed to be "Made with Real Fruit" and as containing "juicy strawberries" on the Products' packaging, which Plaintiff perceived, read, and relied on in making Plaintiff's purchase.

45.     However, the Products are not "Made with Real Fruit" and do not contain any "juicy strawberries." Rather, the Products are made with artificial colors, artificial flavors, from concentrate, high fructose corn syrup, and several other ingredients that are neither found in "Real Fruit" nor "juicy strawberries."

46.     Plaintiff interpreted the "Made with Real Fruit" and "juicy strawberries" claims to mean that the Products were actually "Made with Real Fruit" and contained "juicy strawberries."

47.     Subsequent to purchasing the Products, however, Plaintiff discovered that the same are not "Made with Real Fruit" and do not contain any "juicy strawberries."

48.     Plaintiff and members of the Class paid a price premium for the Products because the Products claimed to be "Made with Real Fruit" and contain "juicy strawberries."

49.     Plaintiff and members of the Class would not have purchased the Products had they known that the Products were not "Made with Real Fruit" and do not contain any "juicy strawberries."

50.     Alternatively, if Plaintiff and members of the Class had known that the Products are not "Made with Real Fruit" and do not contain any "juicy strawberries," Plaintiff and members of the Class would not have purchased them for the premium price they paid.

51.     Accordingly, Plaintiff and members of the Class have suffered economic damages as a result of purchasing a Products that claim to be "Made with Real Fruit" and contain "juicy strawberries" because the Products are not "Made with Real Fruit" and do not contain any "juicy strawberries," but rather, are made with artificial colors, artificial flavors, concentrate, and high fructose corn syrup, among other ingredients that are neither found in "Real Fruit" nor "juicy strawberries."

52.     The Products are valueless, worth less than what Plaintiff and members of the Class paid for, and/or are not what Plaintiff and members of the Class reasonably intended to receive.

53.     Plaintiff and the Class seek damages equal to the aggregate purchase price paid for the Product during the Class Period, as well as injunctive relief described below.

## V. CLASS REPRESENTATION ALLEGATIONS

54.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this *Class Action Complaint* as if fully set forth herein.

55.     Pursuant to Rule 1.220, *Florida Rules of Civil Procedure*, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as:

> **All persons throughout the United States, who, within the four years preceding the filing the original Complaint ("Class Period"), purchased one or more of the Products defined herein for personal use ("Class").**

56.     Excluded from the Class are Defendant, its subsidiaries, affiliates, and employees; all persons who make a timely election to be excluded from the Class; governmental entities; and the Judge(s) to whom this case is assigned and any immediate family members thereof.

57.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of Plaintiff's claims on a class-wide basis using the same evidence as would be used to prove those claims in individual actions alleging the same claims.

### A. Numerosity

58.     The members of the Class are so numerous that individual joinder of all class members is impracticable.

59.     The precise number of members of the Class is unknown to Plaintiff, but it is clear that the number greatly exceeds the number that would make joinder practicable, particularly given Defendant's comprehensive distribution and sales network throughout the United States.

60.     Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

## B. Commonality and Predominance

61.     This action involves common questions of law or fact, which predominate over any questions affecting individual members of the Class. All members of the Class were exposed to Defendant's deceptive and misleading advertising and marketing claims and/or omissions alleged herein.

62.     Furthermore, common questions of law or fact include:

    a.  whether Defendant engaged in the conduct as alleged herein;

    b.  whether Defendant's practices violate applicable law cited herein;

    c.  whether Plaintiff and the other members of the Class are entitled to actual, statutory, or other forms of damages, and/or other monetary relief; and

    d.  whether Plaintiff and the other members of the Class are entitled to equitable relief, including but not limited to injunctive relief, restitution, and disgorgement.

63.     Defendant engaged in a common course of conduct in contravention of the laws Plaintiff seeks to enforce individually and on behalf of the other members of the Class. Similar or identical statutory and common law violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. Moreover, the common questions will yield common answers.

## C. Typicality

64.     Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, all members of the Class were comparably injured through the

same uniform misconduct described herein. Further, there are no defenses available to Defendant that are unique to Plaintiff.

### D. Adequacy of Representation

65.     Plaintiff is an adequate representative of the members of the Class because Plaintiff's interests do not conflict with the interests of the other members of the Class that Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff will prosecute this action vigorously. The Class' interests will be fairly and adequately protected by Plaintiff and Plaintiff's counsel. Undersigned counsel has represented consumers in a wide variety of actions where they have sought to protect consumers from fraudulent and deceptive practices.

### E. Declaratory and Injunctive Relief

66.     Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the members of the Class as a whole.

### F. Superiority

67.     A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct. Even if the members of the Class could afford individual litigation, the court system

could not.   Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.

68.   By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.  Given the similar nature of the members of the Class' claims and the absence of material or dispositive differences in laws upon which the claims are based, the Class will be easily managed by the Court and the parties.

## VI. FIRST CAUSE OF ACTION:
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES
## ACT, FLA. STAT. §§ 501.201 *et seq.*

69.   Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs numbered one (1) through sixty-eight (68) of this Complaint as if fully set forth herein verbatim.

70.   This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Sections 501.201 to 501.213, *Florida Statutes*.

71.   The express purpose of FDUTPA is to "protect the consuming public...from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." FLA. STAT. § 501.202(2).

72.   Section 501.204(1), *Florida Statutes* declares as unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

14

73.   The sales of the Products at issue in this cause were a "consumer transaction" within the scope of FDUTPA.

74.   Plaintiff is a "consumer" as defined by Section 501.203, *Florida Statutes.*

75.   Defendant's Products are goods within the meaning of FDUTPA and Defendant is engaged in trade or commerce within the meaning of FDUTPA.

76.   Defendant's unfair and deceptive practices are likely to mislead – and have misled – reasonable consumers, such as Plaintiff and members of the Class, and therefore, violate Section 500.04, *Florida Statutes.*

77.   Defendant has violated FDUTPA by engaging in the unfair and deceptive practices described above, which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers.

78.   Specifically, Defendant has represented that the Products are "Made with Real Fruit" and contain "juicy strawberries," when in fact, the Products are not "Made with Real Fruit" and do not contain any "juicy strawberries."

79.   Plaintiff and Class Members have been aggrieved by Defendant's unfair and deceptive practices in violation of FDUTPA, in that they purchased and consumed Defendant's mislabeled Products.

80.   Reasonable consumers rely on Defendant to honestly represent the true nature of its ingredients.

81.   Defendant has deceived reasonable consumers, like Plaintiff and the Class, into believing the Products were something they were not; specifically that they were "Made with Real Fruit" and contained "juicy strawberries."

82.     The knowledge required to discern the true nature of the Products is beyond that of the reasonable consumer—namely that the Products are not "Made with Real Fruit" and do not contain any "juicy strawberries."

83.     Plaintiff and the Class suffered damages and are entitled to injunctive relief.

84.     Pursuant to sections 501.211(2) and 501.2105, *Florida Statutes*, Plaintiff and the Class make claims for damages, attorney's fees and costs.  The damages suffered by Plaintiff and the Class were directly and proximately caused by the deceptive, misleading and unfair practices of Defendant.  Pursuant to Section 501.211(1), *Florida Statutes*, Plaintiff and the Class seek injunctive relief for, *inter alia*, the Court to enjoin Defendant's above-described wrongful acts and practices, and for restitution and disgorgement.

85.     Plaintiff seeks all available remedies, damages, and awards as a result of Defendant's violations of FDUTPA.

### VII. SECOND CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

86.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs numbered one (1) through sixty-eight (68) of this Complaint as if fully set forth herein verbatim.

87.     Defendant has negligently represented that the Products are "Made with Real Fruit" and contain "juicy strawberries."

88.     Defendant has represented that the Products are "Made with Real Fruit" and contain "juicy strawberries," when in fact, the Products are not "made with Real Fruit" and do not contain any "juicy strawberries."

89.     Defendant has misrepresented a material fact to the public, including Plaintiff and Class Members, about the Products.

16

90.    The Products are marketed directly to consumers by Defendant, comes in sealed packages, and does not change from the time it leaves Defendant's possession until the Products arrives in stores to be sold to consumers.

91.    Defendant knows the Products' misstatements are material to the reasonable consumer and Defendant intends for consumers to rely upon the misstatements when choosing to purchase the Products.

92.    Defendant has omitted the fact that the Products are not "Made with Real Fruit" and do not contain any "juicy strawberries."

93.    Defendant knew or should have known that these misstatements or omissions would materially affect Plaintiff's and Class members' decisions to purchase the Products.

94.    Plaintiff and other reasonable consumers, including the Class members, reasonably relied on Defendant's representations set forth herein, and, in reliance thereon, purchased the Products.

95.    The reliance by Plaintiff and Class members was reasonable and justified in that Defendant appeared to be, and represented itself to be, a reputable business, and it distributed the Product through reputable companies.

96.    Plaintiff and Class members would not have been willing to pay for Defendant's Product if they knew that the Products were not "Made with Real Fruit" and do not contain any "juicy strawberries."

97.    As a direct and proximate result of Defendant's misrepresentations, Plaintiff and members of the Class were induced to purchase Defendant's Products, and have suffered damages to be determined at trial, in that, among other things, they have been deprived of the benefit of their bargain in that they bought Products that were not as they were represented to be,

17

and Plaintiff and the Class have spent money on the Products, which had less value than was reflected in the premium purchase price they paid for the Products.

98.    Plaintiff seeks all available remedies, damages, and awards as a result of Defendant's negligent misrepresentations.

## VIII. THIRD CAUSE OF ACTION:
## BREACH OF EXPRESS WARRANTY

99.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs numbered one (1) through sixty-eight (68) of this Complaint as if fully set forth herein verbatim.

100.    Defendant has expressly represented that the Products are "Made with Real Fruit" and contain "juicy strawberries," when in fact, the Products are not "Made with Real Fruit" nor do they contain any "juicy strawberries."

101.    The Products are marketed directly to consumers by Defendant, come in sealed packages, and do not change from the time they leave Defendant's possession until they arrive in stores to be sold to consumers.

102.    Plaintiff is informed and believes, and thereon alleges, that Defendant made an express warranty, including, but not limited to, that the Products are "Made with Real Fruit" and contain "juicy strawberries." *See* Exhibits 1 and 2.

103.    Defendant breached its express warranty by claiming that the Products are "Made with Real Fruit" and contain "juicy strawberries," because the Products are not "Made with Real Fruit" and do not contain any "juicy strawberries."

104.    As a proximate result of the failure of the Products to perform as expressly warranted by Defendant, Plaintiff and members of the Class have suffered actual damages in an amount to be determined at trial, in that they were induced to purchase a product or products they

would not have purchased had they known the true facts about, and have spent money on the Product(s) that was not as the same was represented to be and that lack the value Defendant represented the Product(s) to have.

105.   Plaintiff gave timely notice to Defendant of its breach of express warranty individually and on behalf of all members of the Plaintiff Class, directly through a Notice letter sent to Defendant on or about May 12, 2015.

106.   Plaintiff seeks all available remedies, damages, and awards as a result of Defendant's breach of express warranty.

## IX. FOURTH CAUSE OF ACTION:
### UNJUST ENRICHMENT

107.   Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs numbered one (1) through seventy (68) of this Complaint as if fully set forth herein verbatim.

108.   In its marketing and advertising, Defendant has made false and misleading statements and/or omissions regarding the Products, as described herein.

109.   Defendant has represented that the Products are "Made with Real Fruit" and contain "juicy strawberries" when in fact, the Products are not "Made with Real Fruit" and do not contain any "juicy strawberries."

110.   The Products are marketed directly to consumers by Defendant, come in sealed packages, and do not change from the time they leave Defendant's possession until the Products arrive in stores to be sold to consumers.

111.   Plaintiff and Class Members conferred a benefit on Defendant by purchasing the Products. Defendant accepted and retained the benefit in the amount of the purchase price and/or profits it earned from sales of the Products to Plaintiff and other Class members.

112. Defendant profited from its unlawful, unfair, misleading, and deceptive practices and advertising at the expense of Plaintiff and Class members, under circumstances in which it would be unjust for Defendant to be permitted to retain said benefit.

113. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's actions, as set forth herein. Defendant is aware that the claims and/or omissions that it makes about the Products are false, misleading, and likely to deceive reasonable consumers, such as Plaintiff and members of the Class.

114. Plaintiff and Class members do not have an adequate remedy at law against Defendant (in the alternative to the other causes of action alleged herein).

115. Accordingly, the Products are valueless such that Plaintiff and Class members are entitled to restitution in an amount not less than the purchase price of the Products paid by Plaintiff and Class members during the Class Period.

116. Plaintiff and Class members are entitled to restitution of the excess amount paid for the Products, over and above what they would have paid if the Products had been adequately advertised, and Plaintiff and Class members are entitled to disgorgement of the profits Defendant derived from the sale of the Products.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of all others similarly situated, prays for relief pursuant to each cause of action set forth in this Complaint as follows:

1. For an order certifying that the action may be maintained as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys Class Counsel;

2. For an award of equitable relief for all causes of action as follows:

    (a) Enjoining Defendant from continuing to engage, use, or employ any unfair and/or deceptive business acts or practices related to the design, testing,

manufacture, assembly, development, marketing, advertising, or sale of the Products for the purpose of selling the Products in such manner as set forth in detail above, or from making any claims found to violate FDUTPA or the other causes of action as set forth above;

(b)    Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described in this Complaint;

(c)    Restoring all monies that may have been acquired by Defendant as a result of such unfair and/or deceptive act or practices; and

(d)    Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct described herein.

3.    For actual damages in an amount to be determined at trial for all causes of action;

4.    For an award of attorney's fees and costs;

5.    For any other relief the Court might deem just, appropriate, or proper; and

6.    For an award of pre- and post-judgment interest on any amounts awarded.

## XI. DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial on all issues so triable.

**Respectfully Submitted By,**

Dated: July 1, 2015

*/s/ Michael T. Fraser*

Michael T. Fraser, Esq.
Fla. Bar No.: 87411
**THE FRASER LAW FIRM, P.C.**
4120 Douglas Blvd., Ste. 306-262
Granite Bay, CA 95746
(888) 557-5115
(866) 212-8434 (fax)
Email: *mfraser@thefraserlawfirm.net*

Attorney for Plaintiff Amber Michelle Jackson
and the Proposed Class

21

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

Case No.:

AMBER MICHELLE JACKSON, as an     :
individual and on behalf of all others similarly :
situated,                           :
                              : **CLASS REPRESENTATION**
    *Plaintiff,*                    :
                              :
*vs.*                                :
                              :
PUBLIX SUPERMARKETS, INC. a     :
Florida corporation                  :
                              :
    *Defendant.*

## CLASS ACTION COMPLAINT

# Exhibit "A"



**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**
**IN AND FOR SEMINOLE COUNTY, FLORIDA**

Case No.:

AMBER MICHELLE JACKSON, as an : 
individual and on behalf of all others similarly : 
situated, :
                                            : **CLASS REPRESENTATION**
    *Plaintiff,* :
                                            :
*vs.* :
                                            :
PUBLIX SUPERMARKETS, INC. a :
Florida corporation :
                                            :
    *Defendant.* :

**CLASS ACTION COMPLAINT**

# Exhibit "B"

